[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION OF REPLEVIN
FACTS
The facts in this case are largely undisputed. On July 7, 1991 the defendant herein sold a 1986 Mercedes Benz for $25,000. She received a personal check from the buyer and her associate, both out-of-state residents. She testified that she accepted the check thinking it was certified because the amount had been imprinted by a check-writing machine. She gave this buyer the certificate of title endorsed in blank, a mileage statement signed in blank, and a bill of sale signed in blank. At the request of the buyer, she dated all the documents July 5, 1991. On July 11, she learned that the check she had received and deposited was no good. She learned that she had been duped by a pair of professional con artists who had used aliases for this transaction.
Meanwhile, on July 8, 1991, the newly enriched confederates brought this car to a car dealer and negotiated a sale, using the backdated documents to support their explanation that the couple was breaking up and needed money. This dealer checked with the state police and was told the car was not stolen. He purchased the vehicle for $16,000, $1500 less than book wholesale value.
The next day this dealer sold the car to the plaintiff, a dealer and repairer. Apparently the F.B.I. was on the lookout for this car and following a newspaper ad placed to sell it, demanded its return, and without benefit of process seized it and returned it to the defendant.
ISSUE
The issue before the court is which party is entitled to possession.
DISCUSSION CT Page 10914
The plaintiff makes two arguments in support of its claim. First, the plaintiff points to the specific language of 42a-2-403, a portion of the Uniform Commercial Code, which reads in pertinent part as follows:
 Power to transfer; good faith purchase of goods; "entrusting"
 (1) A purchaser of goods acquires all title which is transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though (a) the transferor was deceived as to the identity of the purchaser, or (b) the delivery was in exchange for a check which is later dishonored, or . . . (d) the delivery was procured through fraud punishable as larcenous under the criminal law.
This section of the code addresses this precise situation and seems dispositive of the issue.
The plaintiff also argues that between the two parties, the one who was negligent should suffer the loss before a purchaser for value. The defendant in this case was certainly careless in accepting an uncertified personal check from out-of-state residents. She also assisted these two miscreants in completing their scheme by giving them essential documents endorsed in blank. (She violated at least one statute in the process).
The first purchaser of this vehicle checked with the state police before completing the purchase. Here, the backdated documents lent credibility to the explanation offered by the sellers as to why the car was being sold so soon after the purchase. As to the plaintiff, he was certainly entitled to rely on the representations of a reputable dealer and the apparently valid documents he had processed. The court finds merit to this argument.
The defendant's memorandum in support of her claim to possession is perceived by this court as a deliberate attempt to deceive the court and misrepresent the applicable law. The court notes the presentation of a non-existent citation (which may have been a typographical error) and two Connecticut cases which were decided before the adoption of the U.C.C. The defendant also cites three out-of-state decisions. One does not involve the CT Page 10915 U.C.C. The remaining two apparently do not involve a U.C.C. section with the same language as the Connecticut 42a-2-403.
Further, 42a-2-403 is not quoted in its entirety, with the significant language preceding and including subparagraphs (a) (d) omitted. Then, the portion of the section that is quoted is followed by a statement from an out-of-state case as though it were one continuous quotation. This passage is set forth below exactly as it appears in the defendant's memorandum:
 Connecticut has long recognized the principal that one who is in possession of stolen property cannot assert a claim to it even if it came into his possession by good faith. Atlas Assurance Cc., Ltd. v. Gibbs, 121 Conn. 189, 192 (1936). This proposition has been embraced by Article 2-403 of the Uniform Commercial Code. Section 2-403 of the Uniform Commercial Code . . . provides that "a purchaser of goods acquires all title which his transferor had or had power to transfer . . . . One who has acquired goods by theft, however, cannot confer title by sale, even to a bona fide purchaser." Justice v. Fabey, 541 F. Sup. 1019, 1022 (E.D.P.A. 1982).
The court discards this memorandum as unreliable and misleading.
CONCLUSION
The court finds the issue for the plaintiff and grants the application for it to replevy the motor vehicle in question.
ANTHONY V. DeMAYO, JUDGE